IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MONROE McCOY | ) | |
| | ) | |
| v | ) | CIVIL ACTION NO. 2:04cv373-MEF |
| | ) | [WO] |
| UNITED STATES OF AMERICA | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on federal inmate Monroe McCoy's amended motion

to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

On August 5, 2003, in accordance with a written plea agreement, McCoy pleaded

guilty to unlawfully distributing and possessing with the intent to distribute 50 grams or

more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1).  The district court entered

judgment on September 29, 2003, and sentenced McCoy to 240 months' imprisonment.  On

May 24, 2004, McCoy filed a pro se motion requesting permission to file a late notice of

appeal.  This court denied that motion on May 27, 2004.

On April 21, 2004, McCoy filed a § 2255 motion challenging his conviction and

sentence.  (Doc. # 1.)  However, on August 13, 2004, he filed a motion to amend in which

he indicated his desire to withdraw the claims presented in any prior pleadings and to assert

other claims for relief under 28 U.S.C. § 2255 instead.  (Doc. # 10.)  This court granted

McCoy's motion to amend.  (Doc. # 12.)  In his § 2255 motion, as amended, McCoy asserts

the following claims:

1.    His counsel was ineffective for failing to challenge the prior convictions that were used to enhance his sentence.

2.    His counsel's deficient performance in failing to advise him properly regarding the effect of his prior convictions upon his sentence rendered his guilty plea involuntary and unknowing.

3.    His counsel was ineffective for failing to file an appeal or consult with him about an appeal.

The government responds that McCoy's claims do not entitle him to any relief because they are either meritless or barred from review pursuant to a waiver provision in the plea agreement.  (Doc. # 15.)  McCoy was afforded an opportunity to respond to the government's submissions and has done so.  (Doc. # 20.)  After careful consideration of the § 2255 motion as amended, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is unnecessary and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## II.  DISCUSSION

### A.    *Standard of Review for Ineffective Assistance of Counsel*

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial.  To prevail on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  The performance prong requires a movant to establish

that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

To succeed on a claim of ineffective assistance, a movant must first establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

There is a strong presumption that counsel's performance was reasonable and adequate, and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see Strickland*, 466 U.S. at 689. Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel, based on facts "as they were known to counsel *at the time of the representation*." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992) (emphasis in original); *see Strickland*, 466 U.S. at 690. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at that time." *Strickland*, 466 U.S. at 689.

The prejudice component of the *Strickland* test focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *See Strickland*, 466 U.S. at 687.  Unreliability or unfairness is not established if counsel's assistance did not deprive the defendant of any constitutionally protected right.  *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000).

To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  "[P]etitioners must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.  [T]hat the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." *Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) (alteration in original) (quoting *Strickland*, 466 U.S. at 693).

Unless a movant satisfies both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687.  Accordingly, a court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one." *Id*. at 697. *See, e.g., Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

**B.**    ***Ineffective Assistance of Counsel Claims***

### 1.      Counsel's Failure to Challenge Prior Convictions

McCoy contends that his counsel was ineffective for failing to challenge the prior

convictions that were used to enhance his sentence.  Specifically, he argues that two

Alabama state court convictions for drug offenses were improperly used to enhance his

sentence under 21 U.S.C. §§ 851 and 841(b)(1)(A) because they were not felony

convictions.  *See Motion to Amend § 2255 Motion* (Doc. # 10) at 1-2; *Memorandum in*

*Support of Amended § 2255 Motion* (Doc. # 9) at 9-14.

The government argues that McCoy's claim is barred from review pursuant to a

waiver provision in the plea agreement under which McCoy waived his right to appeal or

collaterally attack his sentence.  *See Government's Response to Amended § 2255 Motion*

(Doc. # 15) at 6.  The pertinent portion of the written plea agreement provided as follows:

> Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the
> sentence under certain circumstances, the defendant expressly waives any and
> all rights conferred by 18 U.S.C. § 3742 to appeal the sentence.  Defendant
> further expressly waives the right to appeal the sentence on any other ground
> and waives the right to attack the sentence in any post-conviction
> proceeding.[1]

*Plea Agreement* (Doc. # 15 - Attachment 2) at 3.

An appeal or collateral attack waiver is valid if a defendant enters into it knowingly

and voluntarily.  *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United*

*States v. Bushert*, 997 F.2d 1343, 1350-5 (11th Cir. 1993).  In this circuit, such waivers have

---

[1]Notwithstanding this waiver, the plea agreement provided that McCoy reserved the right
to appeal any upward departure that might be imposed at sentencing.  *See Plea Agreement* (Doc. #
15 - Attachment 2) at 3.  No upward departure was imposed.

been enforced consistently according to their terms.  *See United States v. Bascomb*, ___ F.3d

___, 2006 WL 1629154 (11th Cir. June 14, 2006) (collecting cases).  There is no indication

in the pleadings or other record before this court that McCoy's waiver was anything but

voluntary and knowing as expressly stated in the written plea agreement.  Moreover, at the

guilty plea colloquy, the Magistrate Judge reviewed the waiver provision in the plea

agreement with McCoy, apprising him that he was waiving his right to appeal or collaterally

attack his sentence, and McCoy indicated his understanding of the provision.  *See Guilty*

*Plea Hearing* (Doc. # 15 - Attachment 4) at 11-12.

    A valid sentence-appeal waiver, entered into voluntarily and knowingly, precludes

a defendant from attempting to attack the sentence through a claim of ineffective assistance

of counsel in a collateral proceeding.  *See Williams,* 396 F.3d at 1342.  "[A] contrary result

would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by

recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the

waiver meaningless."  *Id*.  Here, at the plea colloquy, the court specifically questioned

McCoy concerning the waiver provision in the plea agreement, and McCoy indicated that

he understood the provision.  The plain language of the plea agreement informed McCoy that

he was waiving his right to appeal or collaterally attack his sentence.  Under these

circumstances, the sentence-appeal waiver precludes a § 2255 claim based on ineffective

assistance of counsel with regard to sentencing.  Therefore, the court concludes that

McCoy's claim that his counsel was ineffective for failing to challenge the prior convictions

that were used to enhance his sentence is barred from review.

Moreover, even if this court were to address the merits of McCoy's claim, McCoy would not be entitled to any relief. As noted above, McCoy maintains that two Alabama state court convictions for drug offenses were improperly used to enhance his sentence under 21 U.S.C. §§ 851 and 841(b)(1)(A) because they were not felony convictions. However, the records before this court plainly reflect: (1) McCoy's October 1988 conviction for the sale of marijuana in Case No. CC88-98, in the Circuit Court of Chambers County, Alabama, for which McCoy was sentenced to three years' imprisonment; and (2) McCoy's October 1992 conviction for cocaine possession in Case No. CC92-364, in the Circuit Court of Chambers County, for which McCoy was sentenced to three years' imprisonment.[2] As part of the plea agreement, so that McCoy could avoid a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A), the government agreed to offer only one of these two Alabama felony drug convictions for use in enhancing McCoy's sentence.[3] It is clear from the record that the basis for enhancement of McCoy's sentence under 21 U.S.C. §§ 851 and 841(b)(1)(A) was a

_____

[2]*See United States v. McCoy*, Criminal Case No. 3:03cr122, "Notice of Information to Establish Prior Conviction" (Doc. # 13), with attached certified case action summary sheets reflecting felony convictions in Chambers County Circuit Court Case Nos. CC88-98 and CC92-364; *see also* Presentence Investigation Report ("PSI") at 5-6, ¶¶ 25-26. The record further reflects that McCoy was convicted in this court in February 2000, in Criminal Case No. 3:00cr15, for possessing a firearm after having been convicted of a felony. *See United States v. McCoy*, Criminal Case No. 3:00cr15; *see also, e.g.*, PSI at 7, ¶ 29. The predicate offense for McCoy's federal firearm conviction was his 1992 state felony conviction for cocaine possession in Case No. CC92-364 in the Chambers County Circuit Court. McCoy's federal firearm conviction was not a factor in his sentence enhancement in the instant case under 21 U.S.C. §§ 851 and 841(b)(1)(A).

[3]*See Guilty Plea Hearing* (Doc. # 15 - Attachment 4) at 4-5; *Sentence Hearing* (Doc. # 15 - Attachment 5) at 3; PSI at 10, ¶ 50.

felony drug conviction.  McCoy points to no evidence casting doubt on the validity of either

of his prior felony drug convictions.  McCoy appears to believe, mistakenly, that a 1999

misdemeanor conviction in Alabama state court for marijuana possession was used to

enhance his sentence under §§ 851 and 841(b)(1)(A).[4]  However, as indicated above, the

record reflects that this was clearly not the case.

As McCoy's argument is without merit, so, likewise, is his claim that his counsel was

ineffective for failing to challenge the prior convictions that were used to enhance his

sentence.  Counsel is not ineffective for failing to raise a meritless claim.  *See Chandler v.*

*Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th

Cir. 1992).  McCoy is not entitled to any relief based on this claim.

### 2. Counsel's Failure to Properly Advise Regarding Effect of Prior Convictions upon Sentence

McCoy claims that his counsel's deficient performance in failing to advise him

properly regarding the effect of his prior convictions upon his sentence rendered his guilty

plea involuntary and unknowing.[5]  *See Motion to Amend § 2255 Motion* (Doc. # 10) at 2-3;

---

[4]In August 1999, McCoy was convicted for second-degree possession of marijuana in Case No. CC99-280, in the Circuit Court of Chambers County, Alabama, for which he was sentenced to 12 months in jail.  McCoy contends that this conviction was used to enhance his sentence under §§ 851 and 841(b)(1)(A).  *See Motion to Amend § 2255 Motion* (Doc. # 10) at 2; *Memorandum in Support of Amended § 2255 Motion* (Doc. # 9) at 9-14.  The record refutes McCoy's contention.

[5]The government argues that this claim, like the previously discussed claim, is also barred from review pursuant to the waiver provision in the plea agreement. However, because this claim of ineffectiveness relates to the validity of the guilty plea itself, and not only to the alleged mishandling of sentencing, the court finds that the claim is not barred by the waiver provision. *See Williams v. United States*, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005).

*Memorandum in Support of Amended § 2255 Motion* (Doc. # 9) at 9-14.

McCoy's argument is premised on his erroneous contention that a 1999 misdemeanor conviction for marijuana possession was used to enhance his sentence under 21 U.S.C. §§ 851 and 841(b)(1)(A). McCoy suggests that he would not have pleaded guilty had his counsel properly advised him – and had counsel argued at sentencing – that the misdemeanor conviction could not serve as a basis for enhancement under §§ 851 and 841(b)(1)(A). Thus, he says, his guilty plea was not voluntary and knowing. However, as noted in the court's discussion above, the record plainly reflects that McCoy's sentence was enhanced under §§ 851 and 841(b)(1)(A) based upon a prior felony drug conviction, and McCoy fails to point to even the slightest evidence to the contrary. McCoy does not show that his counsel misadvised him about the effect of his prior convictions upon his sentence. Nor does he establish that he entered his guilty plea based upon any erroneous advice or information with regard to the effect of his prior convictions. In fact, the record supports a finding that McCoy was fully and properly advised by counsel and the court regarding all sentencing matters, including the effect of his prior convictions upon his sentence.[6]

McCoy has not shown that his counsel rendered ineffective assistance in this regard, and the record directly refutes his contention that his guilty plea was not entered voluntarily and knowingly. Consequently, he is not entitled to any relief based on this claim.

**3.    Counsel's Failure to File an Appeal or Consult about an Appeal.**

---

[6]*See Guilty Plea Hearing* (Doc. # 15 - Attachment 4) at 3-5; *Sentence Hearing* (Doc. # 15 - Attachment 5) at 3-10; *May 12, 2004, Affidavit of Terry R. Smyly* (Doc. # 5) at 1-2.

McCoy claims that, even though he did not instruct his counsel to file an appeal, his

counsel rendered ineffective assistance by failing to file an appeal or consult with him about

an appeal. *See Motion to Amend § 2255 Motion* (Doc. # 10) at 1; *Memorandum in Support*

*of Amended § 2255 Motion* (Doc. # 9) at 1-8.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that "counsel

has a constitutionally imposed duty to consult with the defendant about an appeal when there

is reason to think either (1) that a rational defendant would want to appeal (for example,

because there are nonfrivolous grounds for appeal), or (2) that this particular defendant

reasonably demonstrated to counsel that he was interested in appealing." 528 U.S. at 480.

The Supreme Court went on to state that

> a highly relevant factor in this inquiry will be whether the conviction follows
> a trial or a guilty plea, both because a guilty plea reduces the scope of
> potentially appealable issues and because such a plea may indicate that the
> defendant seeks an end to judicial proceedings.  Even in cases when the
> defendant pleads guilty, the court must consider such factors as whether the
> defendant received the sentence bargained for as part of the plea and whether
> the plea expressly reserved or waived some or all appeal rights.

*Flores-Ortega*, 528 U.S. at 480.

In an affidavit filed with this court, McCoy's counsel avers that he did not file an

appeal or advise McCoy to  appeal because McCoy was sentenced in accordance with his

plea agreement. *See March 23, 2005, Affidavit of Terry R. Smyly* (Doc. # 14) at 2.  Counsel

was aware that, under the express terms of the plea agreement, McCoy had waived his right

to appeal, or collaterally attack, his sentence.  As previously noted, there is no indication in

the record that McCoy's waiver was anything but voluntary and knowing as expressly stated in the plea agreement. The terms of the plea agreement were extremely favorable to McCoy, resulting in the dismissal of two counts of distributing cocaine base, a three-level downward departure at sentencing, and the government's agreement not to use one of McCoy's two prior felony drug convictions for purposes of enhancing his sentence under 21 U.S.C. §§ 851 and 841(b)(1)(A). The agreement allowed McCoy to receive a sentence of 20 years rather than a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A). Had McCoy appealed, he faced the possibility of losing the very substantial benefits he received under the terms of his plea agreement. Further, the only arguments that McCoy has put forward for challenging his guilty plea and sentence are based on his erroneous belief about which of his prior convictions was used to enhance his sentence and are therefore essentially frivolous.

The facts of McCoy's case do not suggest: (1) that a rational defendant would have wanted to appeal or (2) that McCoy reasonably demonstrated to his counsel that he was interested in appealing. Although McCoy argues that a pro se motion requesting permission to file a late notice of appeal that he filed with this court on May 24, 2004, constitutes contemporaneous evidence that he was indeed interested in appealing, this court does not consider such a motion, filed more than seven months after McCoy's sentencing and the entry of judgment in his case, to be a contemporaneous or timely demonstration to his counsel that he was interested in appealing.

For the reasons stated above, McCoy has failed to show that his counsel was

ineffective for failing to file an appeal or consult with him about an appeal.  Therefore,

McCoy is not entitled to any relief based on this claim.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28

U.S.C. § 2255 motion, as amended, filed by McCoy be denied, as the claims therein entitle

him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or

before July 11, 2006.  A party must specifically identify the findings in the Recommendation

to which objection is made; frivolous, conclusive, or general objections will not be

considered.  Failure to file written objections to the Magistrate Judge's proposed findings

and recommendations shall bar a party from a de novo determination by the District Court

of issues covered in the Recommendation and shall bar the party from attacking on appeal

factual findings accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v.*

*Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*,

661 F.2d 1206 (11th Cir. 1981, en banc).

DONE, this 28th day of June, 2006.


/s/ Susan Russ Walker
SUSAN RUSS WALKER

UNITED STATES MAGISTRATE JUDGE